29 C.C.P.A.(Patents)

## AMERICAN PHOTOGRAPHIC PUB. CO. v. ZIFF–DAVIS PUB. CO.

Patent Appeal No. 4538.

Court of Customs and Patent Appeals.

April 27, 1942.

Cedric W. Porter, Dike, Calver & Porter, Israel Gorovitz and Lurie & Alper, all of Boston, Mass. for appellant.

Hill & Hill and Stanton & Stanton, all of Chicago, Ill. (Roy W. Hill, John W. Hill, Bailey Stanton, and S. J. Stanton, all of Chicago, Ill., and Joseph H. Milans, of Washington, D. C., of counsel), for appellee.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

JACKSON, Associate Judge.

This is an appeal, in a trade-mark cancellation proceeding, from a decision of the Commissioner of Patents affirming that of the Examiner of Interferences dismissing appellant's petition for cancellation of the registration of appellee's trade-mark "Popular Photography Including Amateur Cinematography".

The proceeding was brought under the provisions of section 13 of the Trade-mark Act of February 20, 1905, 15 U.S.C.A. § 93.

In the registered trade-mark the words "Popular Photography" are in block type and the words "Including Amateur Cinematography" are printed immediately below those words in very small type upon a representation of a strip of motion picture film attached at its ends to two film reels. The first issue of appellee's publication was in July, 1936. The publication was not issued again until May, 1937, and since that date it has appeared monthly in greatly enlarged form over the initial publication. The title of the publication on all the issues

except the first is confined to the words "Popular Photography".

Appellant in its claimed right to cancellation relies upon prior use of the notation "Popular Photography" and alleges damage through confusion in trade by reason of appellee's use of the registered mark.

The facts are undisputed. It appears that a magazine entitled "Popular Photography" was first published in October, 1912. It was sold to appellant on November 27, 1914.

Appellant prior to and ever since the said sale has been publishing a monthly magazine called "American Photography". That publication was intended to appeal to expert photographers. After the said sale, from November, 1914, until May, 1916, appellant published both the "American Photography" and "Popular Photography" magazines separately, when, due to reasons of economy, appellant combined both publications into a single monthly magazine designed to appeal to both the readers and advertisers of the separate publications. From May, 1916, until November, 1916, the combined periodical carried on its cover, as well as on an inner page containing the masthead and table of contents the title "American Photography Incorporating Popular Photography". Subscribers to "Popular Photography" were notified in April, 1916, that its separate publication would be no longer continued and that it would thereafter be merged, starting with the May issue, in "American Photography". The pertinent portion of the notice reads as follows:

"It has for some time seemed inevitable to us that efficiency and the possibility of greatest usefulness to the greatest number would eventually demand the consolidation of the two magazines, and considerations quite other than those of editorial policy indicate that the time for consolidation has now arrived.

"We therefore are able to announce to our readers that the April issue of Popular Photography will be the last published, and that with the May issue of American Photography Popular Photography will be merged in this magazine. The new American Photography will be considerably enlarged in size, and will contain in addition to its usual number of articles, as nearly as possible, the equivalent of an ordinary number of Popular Photography, edited on the plan which has made this magazine so justly popular. The same class of pictures will be reproduced and criticized in the same way, and the same sort of short, practical articles will be intermingled with the picture descriptions. The readers of each magazine will practically get two magazines combined in one, and the new American Photography will contain many more articles and pictures and a much more diversified range of contents than any other photographic magazine published in the United States."

After the publication of November, 1916, the notation "Popular Photography" was taken from the cover of the consolidated publications and thereafter the only title used on the cover has been "American Photography". On the masthead there now appears the title of the magazine American Photography" in large letters, followed by the word "incorporating" and a list of the names of discontinued publications, including "Popular Photography", all in smaller type. The list of discontinued publications rose from eight in 1916 to thirteen prior to appellee's first use of its mark.

The masthead in the printing art, and as is shown by this record to be customary, appears to be the page in a publication showing the title of the publication, the discontinued titles of publications (if any) which have been merged or consolidated under the name of the publication, the names of the publishers, editors, the place where published, the subscription rates, the date of issue and frequency of publication.

The Examiner of Interferences after setting forth the facts, among other things, stated as follows:

"It accordingly appears that while the magazine title in dispute was used as such by petitioner and its predecessor Fraprie for about a five year period ending in 1916, its use in a magazine by the latter, like that of similarly discontinued titles, for the last twenty years and more has been confined to a masthead notice.

"It is deemed to be well understood that ownership of a trade-mark may not be acquired nor maintained merely by the invention or prior selection of a symbol, but only through its use as a designation of personal origin of goods sold in trade. In so far as the various titles of discontinued magazines contained in petitioner's masthead notice are concerned, these do not purport to represent trade-marks for any publication now sold by the latter. The inclusion of 'Popular Photography' therein is accordingly believed not to afford a proper basis for a claim of ownership thereof, nor, in consequence of such claim,

justify any contention that its use as a trade-mark by respondent would involve 'injury' to the petitioner by reason of a likelihood of confusion in trade.

\* \* \* \* \*

"The examiner is persuaded that the lack of use by petitioner of the notation in issue as a trade-mark, under the circumstances here disclosed, amounts to an actual and intended abandonment thereof. Accordingly, it is held that the Petitioner cannot qualify as an owner of this mark. This conclusion is deemed to be in accord with the ruling in the following case recently decided by the Court of Appeals, D. C.: Lawyers Title Insurance Co. v. Lawyers Title Insurance Corp., 71 App.D.C. 120, 109 F.2d 35."

The Commissioner of Patents had the following to say with respect to trade-mark use and abandonment by appellant of the notation "Popular Photography":

"The title of appellant's magazine appears to be only the notation 'American Photography'. I am not persuaded by the testimony and argument as to the technical significance of the masthead notations that the list of discontinued publications is anything more than a description of the history and makeup of American Photography. I cannot agree that it would be considered by either the purchasing public or those trained in the publishing trade to be an essential part of the title of that magazine. While the purpose of listing the titles of discontinued publications undoubtedly was to give continuing notice to the public of an intention not to relinquish all rights in those titles, it does not follow that the list formed a part of the name of appellant's magazine or was used as part of its trade mark therefor.

"Petitioner's failure to use the notation 'Popular Photography' as the name of an existing publication for over twenty years is strong evidence of its abandonment of the notation for that purpose. Ownership of a trade-mark cannot exist indefinitely in the absence of a trade-mark use, and I am of the opinion that appellant's failure for that long period to make such use of the mark in question precludes a finding that it now owns the mark.

\* \* \* \* \*

"Having abandoned the trade-mark use upon which it is relying, and having failed to prove that it is 'injured' within the meaning of the statute by the registration sought to be cancelled, it seems clear that appellant is not entitled to the relief requested."

The issues to be decided are whether or not the continuation of the printing of "Popular Photography" as aforesaid on the masthead of appellant's periodical constitutes a trade-mark use and the likelihood of confusion in trade arising from appellee's use of that notation.

In our opinion the failure of appellant to use the title "Popular Photography" since the year 1916, except in the masthead of "American Photography", is strong evidence that it had abandoned the title as a trade-mark. The fact that the notation "Popular Photography" appears on the masthead together with twelve other titles of discontinued magazines indicates to us, as it did to the Commissioner of Patents, that it is nothing more than a description of the history and makeup of the magazine "American Photography".

The mere statement that there had been no intention to abandon the notation as a trade-mark cannot in our opinion be of weight against the fact of non-user as such for twenty years. Until the first publication of the said magazine of appellee there had been no magazine known as "Popular Photography" for twenty years. During that period any good will attaching to that publication must have been merged, even as the title was merged, into the good will attaching to "American Photography". The subscribers to and other purchasers of the old "Popular Photography", it is believed, would continue to buy the magazine "American Photography" which purported to satisfy the interest which attracted them to the former publication. The original magazine "Popular Photography" had but a small circulation as compared with the circulation now of "American Photography".

Since we must hold that because of the failure of appellant for over twenty years to make a trade-mark use of the notation "Popular Photography" prior to its first use by appellee, it follows that appellant was not the owner of the mark when it was first used by appellee and therefore has no standing in the proceeding.

It is not necessary to discuss any of the cases cited in the briefs, for the reason that none of them apply directly to the facts here.

The decision of the Commissioner of Patents is affirmed.

Affirmed.